**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  05-cv-507 (REB)

In re SALLY ANN DURAN,

    Debtor,

SALLY ANN DURAN,

    Plaintiff/Appellant,

v.

AMERICREDIT FINANCIAL SERVICES, INC.,

    Defendant/Appellee.

## ORDER AFFIRMING

**Blackburn, J.**

This matter is before me on the appeal of Sally Ann Duran from the order entered by Bankruptcy Judge A. Bruce Campbell on March 7, 2005 (R. Doc. 58).  In that order, Judge Campbell denied Duran's motion for order of contempt as to AmeriCredit Financial Services, Inc.  Duran's appeal is denied, and Judge Campbell's order is affirmed.

### FACTS & PROCEDURAL STATUS

The facts are undisputed.  On September 22, 2001, Duran purchased a 2001 Chevrolet truck, which was financed by AmeriCredit, the defendant/appellee.  AmeriCredit had a first lien on the truck, which lien was noted on the certificate of title.  Duran defaulted on the loan, and AmeriCredit instituted a state court replevin action to

recover possession of the truck.  Duran filed a Chapter 13 bankruptcy petition one day before the hearing on AmeriCredit's replevin action.

Under 11 U.S.C. § 362(a), the filing of a bankruptcy petition creates an automatic stay on actions by a creditor to recover on a claim against the bankruptcy debtor.  On November 9, 2004, AmeriCredit field a Motion for Relief from Stay in the Bankruptcy Court.  AmeriCredit sought relief from the automatic stay under 11 U.S.C. § 362(d).  On December 8, 2004, the Bankruptcy Court held a preliminary hearing on AmeriCredit's motion.  On December 9, 2004, the Bankruptcy Court entered an Order Granting Relief From Stay (R. Doc. 41).  AmeriCredit repossessed the truck from Duran nine days later on December 18, 2004.

On February 22, 2005, Duran filed a Motion for Order of Contempt against AmeriCredit (R. Doc. 53).  Duran claimed that AmeriCredit's repossession of the truck less than ten days after the court's December 9, 2004, Order Granting Relief form Stay violated the ten day stay of such orders created by Bankruptcy Rule 4001(a)(3).   On March 7, 2005, the Bankruptcy Court issued the order at issue here, its Order Denying Motion for Order of Contempt and Verified Objection to Creditor's Claim (R. Doc. 58).  In his order Judge Campbell held that under "11 U.S.C. § 362(e), the § 362(a) stay expires *automatically* once thirty days have passed from the date a motion for relief from stay is filed, unless the court orders the automatic stay continued."  *Id.* (emphasis in original). Citing his opinion in **In re Duran**, 291 B.R. 542 (Bankr. Colo. 2003), Judge Campbell concluded that the stay created under Rule 4001(3) was not applicable under the circumstances of this case.

## ANALYSIS

Section 362(e)(1) provides, in relevant part:

> Thirty days after a request under subsection (d) of this section for relief from the [automatic] stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing.

Bankruptcy Rule 4001(a)(3) provides:

> (3) Stay of order
>
> An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 10 days after the entry of the order, unless the court orders otherwise.

Duran argues that the December 9, 2004, order lifting the automatic stay was itself automatically stayed for ten days under Bankruptcy Rule 4001(a)(3), and that AmeriCredit violated the Rule 4001(a)(3) stay when it repossessed the truck on December 18, 2004. AmeriCredit argues, and Judge Campbell held, that the stay of Bankruptcy Rule 4001(a)(3) is not applicable in the circumstances of this case. I agree with Judge Campbell's analysis.

> Subsection (e) of section 362 states that the section 362(a) stay automatically expires thirty days from filing of a section 362(d) stay relief application unless one of two prescribed events occurs: (a) the court orders the stay continued in effect pending an evidentiary hearing; or (b) the court orders the stay continued in effect following a final hearing--whether the "final" hearing is an initial or continued evidentiary hearing. For event (a) to occur, the party opposing stay relief at a preliminary, non-evidentiary hearing must demonstrate "reasonable

> likelihood" of prevailing if the matter is set over to a final evidentiary hearing. For event (b) to occur, the party opposing stay relief must prevail in getting the stay relief application denied, either at an initial or subsequent evidentiary hearing. Barring the occurrence of one of these two events, there is no stay thirty days after an application for stay relief is filed. It simply expires--"is terminated"--by Congress's mandate contained in section 362(e).

*In re Duran*, 291 B.R. 542, 544 (Bankr. D. Colo. 2003).  Applying the mandate of § 362(e) to this case, the automatic stay terminated no later than December 10, 2004, 30 days after AmeriCredit filed its motion for relief from stay.  Neither of the events which may suspend the automatic expiration of the automatic stay under § 362(e) occurred in this case.

The key question is whether the stay created under Bankruptcy Rule 4001(a)(3) suspends the automatic termination of the automatic stay when that termination becomes effective 30 days after the filing of a motion for relief from stay.  I conclude that the Rule 4001(a)(3) stay cannot have that effect.  The United States Supreme Court has the power to prescribe rules for cases brought under Title 11 of the United States Code.  28 U.S.C. § 2075.  Although Congress has an opportunity to review new rules before they become effective, Congress' explicit approval is not required before a new rule becomes effective.  *Id*.  To the extent a rule adopted by the Supreme Court abridges, enlarges, or modifies a substantive right, the rule is ineffective, because § 2075 provides that such "rules shall not abridge, enlarge, or modify any substantive right."  *Id*.

For AmeriCredit, the termination of the automatic stay under § 362(e) is a substantive right.  A secured creditor's ability to recover its collateral, the property that is security for the debt, is a substantive right.  "[T]o the extent Bankruptcy Rule

4

4001(a)(3) is read to be inconsistent with the Congressional thirty-day stay duration mandate of Code § 362(e), it would exceed the rule making power given the Supreme Court by Congress in 28 U.S.C. § 2075." *In re Duran*, 291 B.R. 542, 545 n. 4 (Bankr. D. Colo. 2003).  Bankruptcy Rule 4001(a)(3) properly cannot be read to stay the termination of an automatic stay beyond the thirty day stay duration mandated by § 362(e).  In this case, the automatic stay was terminated as to AmeriCredit's right to recover its collateral no later than December 10, 2004, as mandated by § 362(e). AmeriCredit did not violate the automatic stay when it repossessed its collateral, the truck, on December 18, 2004.

**THEREFORE, IT IS ORDERED** as follows:

1) That the appeal of Sally Ann Duran from the order entered by Bankruptcy Judge A. Bruce Campbell on March 7, 2005 (R. Doc. 58), is **DENIED**, and the order is **AFFIRMED**; and

2) Under Bankruptcy Rule 8014, the appellee shall be awarded his costs incurred as a result of this appeal.

Dated November 1, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn  
Robert E. Blackburn  
United States District Judge