SALLY ANN DURAN  
Debtor and Appellant

Sally Ann Duran  
Appellant

Vs

AmeriCredit Financial Services, Inc.  
Appellee

Civil Case No. 05-cv-507 (REB)  
Bankruptcy Case No. 04-30641 ABC

U.S. DISTRICT COURT  
DISTRICT OF COLORADO

2005 NOV 14 PM 4:33

GREGORY C. LANGHAM  
CLERK

BY _____ DEP. CLK

# MOTION FOR REHEARING

TO:  
Judge Robert E. Blackburn  
United States District Court, District Of Colorado  
Alfred J. Aaraj Courthouse  
901 19th Street  
Denver, Colorado 80294

Pursuant to Federal Rules Of Bankruptcy Procedure (FRBP) Rule 8015, I, Sally A. Duran, Debtor & Appellant, submit this Motion For Rehearing. The subject District Court order dated and entered November 1, 2005, "ORDER AFFIRMING" and the resultant "JUDGMENT", dated and entered November 2, 2005, yield a Rule 8015 end date to file Motion For Rehearing of November 12, 2005 (Saturday). FRBP Rule 9006 then yields the Rule 8015 end date of November 14, 2005 (Monday), today.

I am not a lawyer and not trained in the law. I am appearing without counsel out of necessity and rely on *Haines v Kerner*, 404 U.S. 519 (1972) to not be held to the same standards of performance and knowledge as lawyers so trained.

FRBP Rule 8015 is an adaptation of Rule 40 of the Federal Rules Of Appellate Procedure (F.R. App. P.). Re: *Olson v. United States of America*, 162 B.R. 831. *See Attachment 1.* The grounds for this Motion For Rehearing conform to the F.R. App. P. Rule 40(a)(2) criteria for contents of the Motion. Namely, the Movant does positively advert to points of law or fact overlooked or misapprehended in the District's Court memorandum/analysis/order, "ORDER AFFIRMING", dated and entered November 1, 2005:

> - The "ORDER AFFIRMING", in the section entitled "FACTS & PROCEDURAL STATUS", states: "On December 8, 2004, the Bankruptcy Court held a preliminary hearing on AmeriCredit's motion."
>
> This statement clearly shows that the District Court *misapprehended* a fact. The Court Record at the Bankruptcy Court shows that the subject hearing was positively held on Thursday, December 9, 2004 *(R.Doc.40)*.

\

SALLY ANN DURAN  
Debtor and Appellant

Civil Case No. 05-cv-507 (REB)  
Bankruptcy Case No. 04-30641 ABC

- The "ORDER AFFIRMING", in the section entitled "FACTS & PROCEDURAL STATUS", states: "...that under 11 U.S.C. § 362(e), the § 362(a) stay expires automatically once thirty days have passed from the date a motion for relief from stay is filed, unless the court orders the automatic stay continued."

    A. In this statement, both the Bankruptcy Court and the District Court *overlook* the pertinent code law, namely, 11 U.S.C. § 105(a).
    Title 11 U.S.C. § 105(a) empowers the Court to supercede 11 U.S.C. § 362. In this instance, to *order* that the stay not expire at the said thirty-day point, but to remain in effect for an additional time period, namely, as that mandated by FRBP 4001(a)(3).

    B. This very point of law (item A, above) was raised in the Appellant's Reply Brief, filed on June 3, 2005. To date, the district Court has *overlooked* this point of law. *Pertinent and competent Case Law is enforceable here*, regarding "Issues on Rehearing": When an issue is mentioned in an appellate brief, even briefly, the court may not refuse to consider the argument on a motion for reconsideration. Matter of Coventry Commons Assocs., 155 B.R. 446 (E.D. Mich. 1993).
    *See Attachment 2.*

- The "ORDER AFFIRMING", in the section entitled "FACTS & PROCEDURAL STATUS", cites *Duran* 291 B.R. 542 (Bankr. Colo. 2003). Here, the District Court *misapprehends the cited case law* as competent and pertinent and *overlooks pertinent code law*.

    The circumstances in the District Court's cited case, *Duran* 291 B.R. 542 (Bankr. Colo. 2003), are clearly different than those in this appeal:

    - First of all, the Order in that cited case contains language which purports to "waive" the ten-day stay provisions of FRBP Rule 4001(a)(3). This language is compliant with FRBP Rule 4001(a)(3) in that it "implements" FRBP Rule 4001(a)(3) to "order otherwise", as mandated in that Rule.
    *See Court Docket Items for Case No. 03-10624 ABC.*
    In this appeal, the December 9, 2004 Order Granting AmeriCredit Relief From Stay (order entered by Bankruptcy Judge A. Bruce Campbell on December 9, 2004, *(R.Doc.41)*, the subject order of this Debtor's/Appellant's February 22, 2005 Objection & Motion For Order Of Contempt, *R.Doc.53*) contains no language addressing FRBP Rule 4001(a)(3), and is in violation of FRBP Rule 4001(a)(3) and of FRBP 1001.

2

SALLY ANN DURAN
Debtor and Appellant

Civil Case No. 05-cv-507 (REB)
Bankruptcy Case No. 04-30641 ABC

- Whereas in this appeal, the appellant presents the issue of the implementation of, or lack thereof, of FRBP 4001(a)(3); in the cited case, FRBP 4001(a)(3) is never presented as an issue by the movant;

- Furthermore, the District Court cites the case *Duran* 291 B.R. 542 (Bankr. Colo. 2003) to impose the position that pursuant to the provisions of 11 U.S.C. § 362(e) (Bankruptcy Code), the § 362(a) (Bankruptcy Code) stay expires *automatically* once thirty days have passed from the date a motion for relief from stay is filed, unless the court orders the automatic stay continued. **Here, the District Court overlooks applicability of *11 U.S.C. § 105(a)*.**
By the Court's power through 11 U.S.C. § 105(a) (Bankruptcy Code), applicable to a Debtor as is 11 U.S.C. § 362(e) (Bankruptcy Code), the stay **does not** *automatically* expire once the said thirty days have passed per 11 U.S.C. § 362(e). 11 U.S.C. § 105(a) empowers the Court to supercede 11 U.S.C. § 362. In this instance, to *order* that the stay not expire at the said thirty-day point, but to remain in effect for an additional time period, such as that mandated by FRBP 4001(a)(3). Hence, FRBP 4001(a)(3) *cannot* be read as inconsistent with 11 U.S.C. § 362(e). FRBP 4001(a)(3) certainly *cannot* be read as inconsistent with 11 U.S.C. § 105(a). Additionally, 11 U.S.C. § 105(a) empowers the Court to enter findings of contempt *and* award damages for violations of automatic stay. Thus, this Debtor's/Appellant's issue:
    > "Issue: Subject Creditor *did violate* the 11 U.S.C.§ 362 automatic stay against this Debtor/Appellant [in not carrying out its duty to this debtor as imposed by the Federal Rules Of Bankruptcy Procedure, including, but not limited to Rules 1001 and 4001(a)(3)]" is really more than just an issue of compliance with the timelines of FRBP 4001(a)(3):

    Since FRBP 4001(a)(3) *cannot* be read as inconsistent with 11 U.S.C. § 362(e), FRBP 4001(a)(3) **governs and controls** the outcome of the court.
    Re: 28 U.S.C. § 2075, Rules Enabling Act, holds:
    Bankruptcy Court is bound to follow, without exceptions, the rules promulgated by the United States Supreme Court unless a rule is inconsistent with Rules enabling Act, in which case the Bankruptcy Code controls over inconsistent procedural rules.
    *In re: Stoecker*, Bkrtcy.N.D.Ill.1992, 151 B.R. 989.

- The "ORDER AFFIRMING", in the section entitled "ANALYSIS", (page 3) the District Court states that Bankruptcy Rule 4001(a)(3) is not applicable to the circumstances in this case. Here, the District Court *overlooks* an inherent and substantial *mandate within FRBP 4001(a)(3),* namely, "unless the court orders otherwise". The District Court only *partially applies the law,* in supporting the Bankruptcy Court's position on applicability of FRBP 4001(a)(3).

3

SALLY ANN DURAN  
Debtor and Appellant

Civil Case No. 05-cv-507 (REB)  
Bankruptcy Case No. 04-30641 ABC

- The "ORDER AFFIRMING", in the section entitled "ANALYSIS", (pages 4, 5), the District Court cites incompetent case law in citing *Duran* 291 B.R. 542 (Bankr. Colo. 2003), since the circumstances are significantly different, as noted earlier in this motion. This again, demonstrates that the District Court did *misapprehend case law.*

- The "ORDER AFFIRMING", in the section entitled "ANALYSIS", (page 4), the District Court *misapprehends 28 U.S.C. § 2075 and overlooks competent case law regarding substantive right:*

    > The Appellant's argument *is*, and, as the District Court reiterates on page 3 of their ANALYSIS, one challenging *when* the automatic stay is lifted, and *is not* an argument challenging that the stay *is to* be lifted. Hence, full implementation of FRBP 4001(a)(3) is in compliance with 28 U.S.C. § 2075. FRBP 4001(a)(3) sustains AmeriCredit's right to its collateral, while only mandating when to recover its collateral. Hence, FRBP 4001(a)(3) *does not* abridge, enlarge, or modify AmeriCredit's substantive right.
    >
    > Consistency with Bankruptcy Rules Required: District Court properly delegated the duty of monitoring compliance with federal and local rules governing appeals. The authority delegated constitutes regulation of practice and does not enlarge, abridge, or modify the substantive right of any party to appeal.
    > *In re*: Rivermeadows Assocs., Ltd., 205 B.R. 264 (B.A.P. 10th Cir. 1997).

Based on the foregoing, I move the Court for rehearing of this case and for a final disposition *reversing* the order entered by Bankruptcy Judge A. Bruce Campbell on March 7, 2005 (R.Doc.58). Namely, for the Court to enter findings of contempt against AmeriCredit Financial Services, Inc., *and* award Appellant for damages sustained for AmeriCredit's violations of automatic stay, as originally sought by this Appellant in her February 22, 2005 Objection & Motion For Order Of Contempt to the United States Bankruptcy Court, District Of Colorado.

Dated this 14th day of November 2005.

Respectfully,

Sally A. Duran  
Debtor/Appellant Pro Se  
11555 Lexie Lane  
Colorado Springs, CO 80908  
Telephone: (719) 488-9521

4

## Certificate Of Service
## Civil Case No. 05-cv-507 (REB)
Bankruptcy Case No. 04-30641 ABC

I, the undersigned, do hereby certify that a true and correct copy of the Debtor's/Appellant's:

MOTION FOR REHEARING, with attachments;

was forwarded to the parties listed below via First class U. S. Mail, postage/delivery prepaid, on this 14th day of November 2005.

To: ( 2 copies )
AmeriCredit Financial Services, Inc./Creditor
Counsel: James E. Brown, Esq.
1350 17th Street, Suite 306
Denver, CO 80202
Telephone: 303 825-1818
FAX: 303 825-2828

Christine Eckhardt
United States Bankruptcy Court
District Of Colorado
721 19th Street
Denver, CO 80202-2508
Telephone: (303) 844-4045

Pam Smith
United States Bankruptcy Court
District Of Colorado
721 19th Street
Denver, CO 80202-2508
Telephone: (303) 844-4045

Charlie McVay
United States Trustee
999 18th Street, Suite 1551
North Tower
Denver, CO 80202
Phone: (303) 312-7230

Paul Quinn
United States Trustee
999 18th Street, Suite 1551
North Tower
Denver, CO 80202
Phone: (303) 312-7230

_Sally A. Duran_
Sally A. Duran,
Debtor/Appellant, **Pro Se**
11555 Lexie Lane
Colorado Springs, CO 80908
Telephone: (719) 488-9521